UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-CV-80330-KAM

JUDITH PIPINO,

    Plaintiff,

vs.

DELTA AIR LINES, INC.,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

    This cause is before the Court on Defendant's Motion to Dismiss. (DE 10). The motion is ripe for review. For the following reasons, the Court concludes that Defendant's motion should be denied.

### I. Background

    This is an action to recover damages for emotional distress and psychological harm Plaintiff allegedly suffered when Defendant denied her boarding privileges on a flight from New York City to Tampa, Florida. (DE 1). Plaintiff asserts one count of common law negligence. (Id. ¶¶ 31-36).

    Defendant moves to dismiss, raising two primary arguments. (DE 10). First, Defendant argues that the allegations within Plaintiff's complaint fail to establish that venue is proper in the Southern District of Florida. (DE 10 at 5). Second, Defendant argues that Plaintiff's negligence claim is preempted by federal law regulating the aviation industry. (Id. at 6-7, 7-9).

## II. Discussion

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests. Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court must accept all of the plaintiff's factual allegations as true in determining whether to grant a motion to dismiss. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### A. Venue

"On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper." Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). "The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper." Id. The "court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." Id.

In pertinent part, the federal venue statute provides that a civil action may be brought in the following forums:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

28 U.S.C. § 1391(b). The statute clarifies that corporate defendants are deemed to reside "in any

judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Id. § 1391(c)(2).

Defendant moves to dismiss on venue grounds, arguing that Plaintiff failed to identify the appropriate basis for venue in her complaint. (DE 10 at 5-6). Although Plaintiff pled that venue lies in this district under § 1391(b)(2) because it is "where Plaintiff resides and where Defendant conducts business" (DE 1 ¶ 2), the complaint nonetheless contains sufficient factual matter, when accepted as true, that establishes proper venue under § 1391(b)(1). The complaint alleges that Defendant has a place of business in this district, availed itself of the privileges and benefits of operating a business in this district, and is therefore "subject to the general jurisdiction of this Court." (DE 1 ¶ 5). Defendant has not provided affidavits contradicting the allegations that it is subject to this Court's personal jurisdiction and "resides" in this district.[1] Venue is therefore appropriate under § 1391(b)(1).

### B. Federal Preemption

"Federal law may pre-empt state common law rules in the same ways as state statutes or regulations." Pub. Health Trust of Dade Cnty., Fla. v. Lake Aircraft, Inc., 992 F.2d 291, 294 (11th Cir. 1993). The issue here is whether the Federal Aviation Act of 1958 ("FAA"), as amended by the Airline Deregulation Act of 1978 ("ADA"), preempts Plaintiff's common law negligence claim against a major airline carrier.

As originally enacted, the FAA contained a savings clause clarifying that "[n]othing . . . in this chapter shall in any way abridge or alter the remedies now existing at common law or by

---

[1] Defendant's venue challenge may be more commensurate with a forum non conveniens argument, which it has not raised or supported in its motion to dismiss. See 28 U.S.C. § 1412.

statute, but the provisions of this chapter are in addition to such remedies." Am. Airlines, Inc. v. Wolens, 513 U.S. 219, 222 (1995).  In an effort to deregulate the airline industry, Congress included in the ADA an express preemption provision, which reads in relevant part:

> Except [for certain Alaskan intrastate air carriers], a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier . . . .

49 U.S.C. § 41713(b)(1); see Wolens, 513 U.S. 222; Lake Aircraft, Inc., 992 F.2d at 293.

Private actions may fall under the ambit of the ADA's preemption clause: "so long as the state law action has a connection with airline prices, routes or services, pre-emption under § 41713 is mandated." Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1254 (11th Cir. 2003). In defining regulated "services"—which Defendant argues is implicated here (DE 10 at 8)—the Eleventh Circuit has adopted the following construction from the Fifth Circuit:

> "Services" generally represent a bargained-for or anticipated provision of labor from one party to another.  If the element of bargain or agreement is incorporated in our understanding of services, it leads to a concern with the contractual arrangement between the airline and the user of the service.  Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself.  These matters are all appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline.  It is these [contractual] features of air transportation that we believe Congress intended to de-regulate as "services" and broadly to protect from state regulation.

Branche, 342 F.3d at 1256-57 (quoting Hodges v. Delta Airlines, Inc., 44 F.3d 334, 336 (5th Cir. 1995) (en banc)).

"Though broad, this definition does not result in the preemption of state law personal

4

injury claims arising from the allegedly negligent operation of an airplane." Psalmond v. Delta Air Lines, Inc., No. 1:13-CV-2327-JEC, 2014 WL 1232149, at *4 (N.D. Ga. Mar. 25, 2014) (Carnes, C.J).  As the Fifth Circuit held in Hodges, a "tort claim for personal injury [i.e., negligence,] has no specific 'reference to' airline services, although it does derive from the operation of the aircraft."  44 F.3d at 340; see also Smith v. Am. W. Airlines, Inc., 44 F. 3d 344, 347 (5th Cir. 1995) (en banc).  The Eleventh Circuit has also noted that "state law personal injury claims are not pre-empted, as evidenced by the fact that the ADA requires airlines to carry liability insurance."  Blanche, 342 F.3d at 1258; see also Lake Aircraft, Inc., 992 F.2d at 295.

      Numerous district courts agree that the ADA does not preempt traditional state law claims sounding in negligence.  See, e.g., Psalmond, 2014 WL 1232149 (remanding case because ADA did not preempt state law negligence and gross negligence claims based on emergency evacuation from aircraft); Trinidad v. Am. Airlines, Inc., 932 F. Supp. 521, 526 (S.D.N.Y. 1996) ("services" of airline "necessarily exclude an air carrier's common law duty to exercise ordinary care") (collecting cases); Moore v. Nw. Airlines, Inc., 897 F. Supp. 313, 315 (E.D. Tex. 1995) (ADA did not preempt negligence claim arising out of "boarding procedures" because the services complained of were not "boarding procedures in their economic or contractual dimension"); Jamerson v. Atl. Se. Airlines, 860 F. Supp. 821, 826 (M.D. Ala. 1994).

      At this stage in the proceedings, the Court cannot say that Plaintiff's negligence claim relates to Defendant's "services" in a way that implicates the ADA's deregulation of the economic and contractual features of air transportation.  Plaintiff alleges that she suffered emotional and psychological harm when one of Defendant's agents prohibited her from boarding a flight because she appeared intoxicated, and when Defendant's agents failed to obtain medical

5

attention despite the fact that Plaintiff was suffering from an apparent panic attack. (DE 1 ¶¶ 15-20). Plaintiff asserts a right to recover based on Defendant's "duty to exercise ordinary care" and breach of that duty by failing to address her "abnormal state of emotional distress." (Id. ¶¶ 31–34). As alleged, Plaintiff's claim does not arise out of an economic or contractual aspect of boarding that the ADA sought to deregulate. See Smith, 44 F. 3d at 347 (noting that suit for wrongful eviction from flight based on apparent intoxication was preempted because it "involved an alleged breach of the airline's duty to transport the plaintiff") (discussing holding of O'Carroll v. Am. Airlines, Inc., 863 F. 2d 11 (5th Cir. 1989)). Rather, Plaintiff's injuries stem from Defendant's common law duty to treat persons with ordinary care, regardless of whether they are permitted to board a flight. Such safety-related claims are not preempted. See id.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 10) is **DENIED**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of July, 2015.

_____
KENNETH A. MARRA
United States District Judge