IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-cv-80330-KAM

JUDITH PIPINO

    Plaintiff,

v.

DELTA AIR LINES, INC.

    Defendant.
_____/

**DEFENDANT DELTA AIR LINES, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Delta Air Lines, Inc. (DELTA), by its undersigned attorneys, hereby files this Response in Opposition to Plaintiff's Motion to Strike . . . ("Plaintiff's Motion") [ECF No. 46], and states:

**I. BACKGROUND OF CASE AND PROCEDURAL HISTORY**

On October 1, 2015, Plaintiff served DELTA with her first set of interrogatories and first request for production. [ECF No. 46-1]. On November 3, 2015, DELTA served its answers and objections to interrogatories [ECF No. 46-2]. In what can only be described as a complete mischaracterization of the requirements of the Federal Rules of Civil Procedure, Plaintiff now seeks to strike DELTA's timely served discovery objections. Plaintiff boldly claims she "received the Interrogatory Answers unsigned" and that DELTA's counsel "failed to certify its Objections under F.R.Cv.P. 26 .P. (g)(1)(B) [sic]." (Pl.'s Motion 2, 3). This portrayal is, at best, the result of a hyper-technical misreading of the Rules, and, at worst, a gross mischaracterization of the facts, unsupported by the law, intended to forestall these proceedings and improperly increase the costs of litigation and tie up this Court in a ridiculous exercise. Consequently, Plaintiff's Motion should be denied and Plaintiff's counsel sanctioned for untimely, unwarranted, and bad-faith motion practice.

**II. MEMORANDUM OF LAW AND ARGUMENT**

    **A. The signatures of attorney Christopher Jahr on the DELTA Answers to Interrogatories and Responses to Production comply with Rule 26(g) requirements**

Plaintiff's argument that the objections contained within the DELTA answers to interrogatories and responses to production fail to contain adequate attorney signatures is incorrect

and unsupported by any case law.[1] Federal Rule of Civil Procedure 26(g) provides, "Every . . . discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . and must state the signer's address, email address, and telephone number." *Id.* Rule 33 similarly requires that "the attorney who objects must sign any objections."[2] *Id.* In addition to certifying the discovery response meets the requirements of Rule 26(g)(B)(i)-(iii), the attorney signature also serves the function of identifying who the party receiving the objections should contact to address the discovery disputes.

Plainly, DELTA's discovery responses each contain a signature block in compliance with the Federal Rules of Civil Procedure. [ECF No. 46-2]. The signature block is positioned at the beginning of the answers and objections to DELTA's interrogatories. Federal Rules 26 and 33 contain no requirement regarding the placement of the signature block. The purpose of a signature is accomplished regardless of its placement in the response. Furthermore, it is clear when the documents are viewed in their totality that the discovery objections and responses are being certified by the attorney whose signature appears on the document. Frankly, it is absurd to suggest otherwise.

Moreover, Plaintiff's position is disingenuous when one considers the course of dealing between the parties throughout the discovery proceedings. All of the discovery served by DELTA since the beginning of this case, have included the signature and required contact information for attorney Christopher J. Jahr — the attorney verifying the served discovery meets the requirements of the applicable federal rules. The discovery served by DELTA to date with the applicable signature includes the following: (1) 7.21.15, Delta initial interrogatories to Plaintiff; (2) 7.21.15, Delta first request for production to Plaintiff; (3) 8.11.15, Delta Initial Rule 26 Disclosures; (4) 11.3.15, Delta Answers to Interrogatories; (5) 11.3.15, Delta response to production; (6) 12.11.15, Delta Supplemental Rule 26 Disclosure; (7) 1.21.16, Delta Second Supplemental Rule 26 Disclosure; (8) 2.12.16, Delta Response to Plaintiff Second Request for Production; (9) 3.7.16, Delta Supplemental Answer to Interrogatory 11; (10) 3.9.16, Delta Privilege Log; (11) 3.9.16, Delta Supplemental Response to Request for Production item 1; and (12) 3.9.16, Delta Supplemental Answer to Interrogatory 5. Plaintiff's attempt to call into question the validity of the signature, when she never previously took issue with the same signature block, calls into question the sincerity of Plaintiff's argument. It is also clear by the course of conduct between the parties, that the requirement of no

---

[1] Federal Rule of Civil Procedure 34 has no reference to signature of objections.
[2] Federal Rule of Civil Procedure 33 has no reference to "certification," only signature.

substantial justification for this alleged "improper certification" exists for imposition of sanctions under Rule 26(g)(3).

Plaintiff's Motion is disingenuous for several reasons. Plaintiff's Motion addresses the two DELTA discovery items served on November 3, 2015, and ignores the remaining items of discovery served by DELTA that contain identical signature blocks. Rule 26(g) provides the same signature requirement for both discovery requests and discovery responses. Plaintiff recognized the validity of the Rule 26(g) signature block in the July 21, 2015 discovery requests, by serving her discovery responses and objections to them on August 11, 2015. If counsel for Plaintiff had genuinely believed the signature blocks provided on the July 21, 2015 discovery requests did not comply with Rule 26(g), he would have similarly ignored them.

The purported rationale behind Plaintiff's entire argument is baseless. Although inarticulately explained by Plaintiff, the argument begins with the premise that an attorney's signature under Rule 26(g) is meaningless, except as a means to verify the document has been served on a certain date. It then proceeds to claim a requirement (not expressly provided for in any rule) of a second "certification" signature for objections by the *same person*, either on a second piece of paper attached to the first certification, or on the same paper in a different (but unspecified by the Rules) location. Doing so then magically transforms a stated objection which is a part of the record and a part of substantive, non-objected to responses to that discovery from meaningless words into a valid legal response, *despite the fact the objection is identical and counsel's signature has been provided on the same document*. This sort of "logic" boggles the mind.

The likely scenario is Plaintiff realized the time provided by the Local Rules to challenge discovery objections had lapsed by several months. (*See* S.D. Fla. L.R. 26.1(g)(1) ("All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.") (emphasis added). Therefore Plaintiff had to file a motion to compel the objected to items no later than December 3, 2015. Recognizing Plaintiff could not possibly establish the requisite reasonable cause for her delay, Plaintiff contrived this "signature block" argument as a means to challenge DELTA's objections, in order to circumvent its failure to bring a timely motion to compel. Why did Plaintiff not demand the "missing" signatures before February 19, 2016?

And the single case cited by Plaintiff does not support the striking of objections in this case. In *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.,* 246 F.R.D. 522 (S.D. W. Va. 2007), the court struck discovery objections because they were untimely and contained generic and nonspecific discovery objections. Plaintiff makes no such contention here; furthermore, the objections of DELTA in this case were timely served and are specific and narrow. In addition, DELTA has supplemented its answers to interrogatories and responses to production in conformance with its continuing duty to do so.

Counsel for Plaintiff has verbally advised counsel for DELTA that he seeks to have this Court cast aside all attorney-client and work product privileges asserted by DELTA in its discovery responses, and furthermore that DELTA produce documents never requested - all correspondence between counsel for DELTA and DELTA at any time. Plaintiff's Motion seeks to remove the most sacred of all privileges and destroy any of the protections provided by the attorney-client privilege. Such a result is plainly inequitable and would result in manifest injustice to DELTA.

### B. Plaintiff has again failed to comply with the Trial Order

The Plaintiff's Motion is untimely and should be denied. Plaintiff has failed to comply with the Order Setting Trial Date & Discovery Deadlines [ECF No. 20]. That Order provides a discovery cutoff date of March 28, 2016, and deadline for substantive pretrial motions of April 15, 2016. DELTA filed its Motion for Summary Judgment on April 14, 2016, and it is currently pending.

Plaintiff's Motion is untimely because it was filed on April 29, 2016, well after both the discovery cutoff and substantive motion practice deadlines. The discovery cutoff date is designed to allow for the crystallization of evidence which can then be used for substantive motion practice and Motions for Summary Judgment. DELTA complied with the Trial Order and filed its Motion for Summary Judgment on April 14, 2016. Plaintiff now impermissibly seeks to re-open discovery she hopes will lead to the production of new evidence to controvert DELTA'S Motion for Summary Judgment, which will clearly prejudice DELTA.

### C. Plaintiff has again failed to comply with the Local Rules

The Plaintiff's Motion is untimely and should be denied because Plaintiff has failed to comply with multiple Local Rules for the Southern District of Florida.

#### 1. Plaintiff has again failed to comply with S.D. Fla. L.R. 26.1(g)(1)

As set forth above, Local Rule 26.1(g)(1) provides that this motion had to be brought within 30 days of the occurrence of the grounds for it. Plaintiff has waited more than five and a half months — and well after even the close of discovery — to challenge the objections DELTA first asserted on

4

November 3, 2015. Such a delay is clearly outside the time period for the filing of any motion related to discovery, and Plaintiff can show no reasonable cause for the delay.

Plaintiff's claim that her Motion is timely because she did not receive the deposition transcript of Jackie Tse until April 15, 2016 is inappropriate and misleading. Even assuming Plaintiff's signature argument was (somehow) meritorious, the "occurrence of grounds for the motion" would have arisen **at the latest on February 19, 2016**, the day the request was made for the additional signature. Therefore, any discovery motion related to the purported signature requirement should have been filed on or before March 20, 2016. Plaintiff's counsel provides no appropriate explanation for his delay to file a motion within the rules. Indeed, Plaintiff could have easily filed a motion without the transcript noting a request had been made that day, or simply followed up the in-person request with confirmation in writing via e-mail and included the confirmation in the motion. Plaintiff's purported excuse is thus unreasonable, and her Motion is untimely under the Local Rules.[3]

### 2. **Plaintiff's motion is untimely pursuant to Local Rule 26.1(f)**

Southern District of Florida Local Rule 26.1(f) provides discovery must be completed in accordance with the court-ordered discovery cutoff date. Motion practice that would lead to the production of new evidence must be served in sufficient time that the new discovery is obtained on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery. Plaintiff's Motion is untimely because any discovery produced following same would be produced beyond the discovery cutoff (and interfere with other pre-trial deadlines, such as the pending Motion for Summary Judgment).

The pending motion to strike against DELTA represents bad faith litigation practice.[4] DELTA should be awarded its attorneys' fees for having to prepare and file this response. The Court should deny the Motion entirely because the motion is untimely, Delta's signature block complied with the requirements of Rules 26 and 33, Plaintiff has failed to demonstrate (1) any prejudice, and (2) a lack of substantial justification of DELTA in the manner of its signatures, and granting such a motion would result in irreparable harm to DELTA.

---

[3] In yet another example of Plaintiff's flaunting of the rules, Plaintiff's Motion exceeds the five-page limitation established by the Court's Order Setting Discovery Procedure [ECF No. 21].
[4] It should be noted that Christopher Jahr, while asserting such is not required, served the requested signature to plaintiff counsel on April 28 to try and forestall this motion and avoid unnecessary motion practice.

CASE NO. 9:15-cv-80330-KAM

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on May 5th, 2016 we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christopher J. Jahr*

Dennis M. O'Hara, Esquire
Florida Bar No. 148434
Robert C. Bauroth, Esquire
Florida Bar No. 277940
Christopher J. Jahr, Esquire
Florida Bar No. 73066
Carlos A. Garcia, Esquire
Florida Bar No. 99768
WICKER SMITH O'HARA MCCOY & FORD, P.A.
*Attorneys for Delta Air Lines, Inc.*
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax: (954) 760-9353